IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN LANCE WILLIAMS,

Plaintiff, No. CIV S-02-2223 DFL KJM P

vs.

DIANE K. BUTLER, et al.,

Defendants. ORDER

_______________________________/

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. This action is currently proceeding against defendants Dunne and Chapman. Several matters are before the court, including defendants' motion for summary judgment, several discovery-related motions, and a number of miscellaneous motions.

In his amended complaint, plaintiff claims defendant Dunne is a Folsom State Prison nurse in charge of arranging transportation for prisoners for medical appointments. Am. Compl. at 2. Plaintiff claims that Dunne violated his Eighth Amendment right to be free of cruel and unusual punishment by waiting to transfer plaintiff to the California Medical Facility (CMF) for wrist surgery with respect to Carpal Tunnel Syndrome after plaintiff was approved for transfer on November 28, 2001. Id. at 8. Plaintiff's first transfer to CMF after being approved

was on January 14, 2002, id. at 6, and his surgery did not occur until March 19, 2002. Id. at 7.[1] Plaintiff claims defendant Chapman, a correctional officer, denied plaintiff access to pain medication for two hours on March 22, 2002 in violation of plaintiff's Eighth Amendment rights. Id. at 7.

I. September 30, 2005 Request For Copy Of Deposition

Plaintiff asks that defendants be required to provide plaintiff a copy of his deposition transcript. The authority plaintiff cites in support of this request, Federal Rule of Civil Procedure 30(e), requires that the court reporter attending a deposition, under certain circumstances, allow a deponent to review the transcript and suggest changes. Rule 30(e) does not require defendants to provide plaintiff with a copy of his deposition transcript. Plaintiff's request will be denied.[2]

II. December 30, 2005 Motion *In Limine*

Plaintiff asks that the transcript of his deposition be declared inadmissable at trial. Plaintiff's motion will be denied without prejudice as premature. If and when a pretrial order issues later in these proceedings, a briefing schedule will be set with respect to motions *in limine*, such as this motion.

III. Plaintiff's December 30, 2005 Motion For The Appointment Of A Guardian *Ad Litem*

Plaintiff asks that the court appoint a guardian *ad litem* to represent plaintiff's interests in these proceedings. However, plaintiff has not shown that he is incompetent to represent himself. Therefore, appointment of a guardian ad litem is not authorized under Federal Rule of Civil Procedure 17(c). Plaintiff also asks that the court appoint counsel for plaintiff. The United States Supreme Court has ruled that district courts lack authority to require counsel to

---

[1] Plaintiff makes other factual allegations against defendant Dunne in plaintiff's amended complaint, but none of those allegations state a claim upon which relief can be granted.

[2] In any case, on October 6, 2005, counsel for defendants informed the court that he had made arrangements for plaintiff to review a copy of his deposition transcript.

represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel under 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel therefore will be denied.

IV. Request For An Extension Of Time To File Replies

On July 22, 2005, plaintiff requested an extension of time to file replies to defendants' oppositions to plaintiff's June 20, 2005 motions to compel. Good cause appearing, plaintiff's request will be granted, and his replies filed on July 22, 2005 will be deemed timely.

V. Defendant Chapman's October 17, 2005 Request To Amend Discovery Responses

Defendant Chapman seeks leave to serve amended responses to plaintiff's request for admissions. Under Rule 36(b) of the Federal Rules of Civil Procedure, a party may only amend a response to a request for admission with leave of court and leave should be granted only if the party who sought the admission will not prejudiced by the amendment. The court has reviewed defendant Chapman's proposed amendments. The amendments are represented as either correcting typographical errors or clarifying earlier responses. Because they are being made well in advance of trial, these new responses will not prejudice plaintiff's case. Chapman will be allowed to serve his proposed amended responses to plaintiff's requests for admissions.

VI. Plaintiff's November 14, 2005 Objection To Defendant Chapman's Amended Answer to Interrogatory 13

In interrogatory number 13, plaintiff asked defendant Chapman "If plaintiff was in pain, why didn't you make a telephone call?" November 14, 2005 Objection at 2:26. In his original response to this interrogatory, Chapman objected on a number of grounds and indicated, "I did not know the extent of [plaintiff's] pain." Opp'n at 2:9-12. On October 26, 2005, Chapman served an amended response to this interrogatory, changing his response from, "I did

not know the extent of [plaintiff's] pain," to "I did not know [plaintiff] was in pain." Id. at 2:13-17.

Defendant Chapman notes correctly that he is under a continuing obligation under Federal Rule of Civil Procedure 26(e)(2) to amend responses to interrogatories if he learns that a response was, in some material respect, incorrect or incomplete. Plaintiff fails to present any legal authority upon which this court may strike defendant Chapman's amended response, and he will not be prejudiced by the amendment at this time. Plaintiff's objection will be overruled.[3]

VII. June 20, 2005 Motions To Compel

    A. Responses To Interrogatories

In one motion filed on June 20, 2005, plaintiff asks that defendants Dunne and Chapman be compelled to provide answers or further answers to plaintiff's interrogatories.

        1. Defendant Dunne

In this motion, plaintiff asks that the court compel defendant Dunne to provide responses to plaintiff's first set of interrogatories and find that Dunne has waived any objections to the interrogatories. Mem. P. & A. in Supp. of Mot. (Mot.) at 5. On June 2, 2005, defendant Dunne made a timely request for an extension of time until July 18, 2005 to serve answers to plaintiff's first set of twenty-five interrogatories. The request was granted on June 27, 2005. In light of these facts, Plaintiff's June 20, 2005 motion to compel concerning plaintiff's first set of interrogatories directed to defendant Dunne will be denied.

Also in this motion, plaintiff asks that the court order Dunne to provide further responses to his second set of interrogatories. Mot. at 4. Dunne's initial responses to plaintiff's second set of eight interrogatories is that Dunne would not respond because plaintiff had already asked the maximum number of interrogatories (25) allowed under Federal Rule of Civil

---

[3] The court's determination at this stage of litigation does not prejudge the question of whether defendant Chapman could be impeached with his prior answer at trial, a matter that could be the subject of motions *in limine*.

Procedure 33 in plaintiff's first set. Mot., Ex. D. Rule 33 does require that a party seek leave to propound more than 25 interrogatories on another party. Because plaintiff did not seek leave before serving his second set of interrogatories on defendant Dunne, plaintiff's June 20, 2005 motion to compel will be denied with respect to these interrogatories.

2. Defendant Chapman

Plaintiff asks that defendant Chapman be compelled to respond further to interrogatories 4, 5 and 7 through17. The court has reviewed defendant Chapman's responses to plaintiff's interrogatories, Mot., Ex. D, and finds that there is no basis to compel defendant Chapman to respond further. Chapman provided answers or objections to all of plaintiff's interrogatories; to the extent only objections are registered they are well taken. The only aspect of plaintiff's motion warranting comment regards interrogatory number 7.

In interrogatory number 7, plaintiff asks, "Were these your orders as Custodial Staff?" While plaintiff's interrogatory is somewhat vague, defendant Chapman reasonably suggests that plaintiff appears to be asking as follows:

> Were your orders to inform plaintiff that he had to wait until after the staff meeting was over to obtain his medication?

In his opposition to plaintiff's motion, Chapman affirms that his response to the interrogatory as thus clarified is "No." Opp'n at 4:17-24. Given this clarification, the court declines to order Chapman to respond further to interrogatory number 7.

Plaintiff asks that defendants' counsel be sanctioned based upon the manner in which defendants responded to plaintiff's interrogatories. Because the court is not ordering Dunne or Chapman to provide further answers, sanctions are not warranted. See Fed. R. Civ. P. 37(a)(4).

/////

/////

/////

B. Responses To Requests For Production Of Documents

In a separate motion filed June 20, 2005, plaintiff requests that defendants Dunne and Chapman be compelled to provide further responses to his requests for production of documents.

1. Dunne

Plaintiff asks that the court compel defendant Dunne to provide further responses to requests to produce numbers 1 through 6, 9 through10, and 12 through16.

In request number 1, plaintiff asks that defendant Dunne provide plaintiff with documents "concerning the procedures reflecting Classification Service Representative (CSR) endorsement." Mot., Separate Statement at 1. Plaintiff has not adequately explained how these documents are likely to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). Neither party asserts that defendant Dunne is, or was, a CSR, and it is not clear how anything done by a CSR has any bearing on plaintiff's Eighth Amendment claim against defendant Dunne. Defendant Dunne will not be ordered to respond further to this request.

In request number 2, plaintiff seeks the "California Department of Corrections Classification Manual Section dealing with CSR endorsements." Mot., Separate Statement at 2. The court will not order defendant Dunne to respond to this request further for the same reasons the court will not order a further response to request 1.

Plaintiff's motion to compel with respect to request 3 seeks documents that counsel for defendants has indicated are in plaintiff's prisoner central file and are equally available to plaintiff. Opp'n at 5:23-6:2. This aspect of the motion also will be denied.

Next, in request 4, plaintiff seeks "all policies, directives, or instructions to Folsom State Prison staff concerning Workers Compensation Claims." Mot., Separate Statement at 3. In his reply brief, plaintiff explains that defendant Dunne indicated that plaintiff could not be transferred CMF until plaintiff was approved for transfer by the "Medical Authorization Review Committee." Reply at 5:16-18. However, plaintiff asserts that Dunne was informed

plaintiff did not have to obtain such authorization because his was a workers' compensation claim. Id. at 5:18-20.

In light of plaintiff's argument and plaintiff's claim against defendant Dunne, the court will order Dunne to produce copies of any policies in effect between October 2001 and January 2002 indicating that inmates being sent to CMF based upon a workers' compensation claim need not first obtain authorization from the "Medical Authorization Review Committee."

In request 5, plaintiff seeks all documents related to his workers' compensation claim "77-TL13300." Mot., Separate Statement at 3. Plaintiff indicates that these documents also will show that plaintiff did not have to appear before the "Medical Authorization Review Committee" before being transferred to CMF for surgery. Good cause appearing, defendant Dunne will be ordered to produce these documents.

In request number 6, plaintiff seeks "copies of all policies, directives, or instructions to Folsom Prison Staff concerning the procedures for Medical and Return transfer cases." Mot., Separate Statement at 4. Defendant Dunne's response, which appears incomplete, is as follows: "This request . . . is objected to on the ground that it is vague and ambiguous as to the phrase 'procedures for Medical and Return transfer cases.' This request is also objected to on the ground that it is overbroad because it does not provide the date for such 'policies, directives, or instructions.' Not waiving objections and assuming the question seeks documents involving the applicable seven month period, March 2002 to October 2002." Mot., Ex. C at 4-5.

Plaintiff's request is not vague; it seeks documents regarding a situation where an inmate is transferred to CMF for a medical procedure and then returned to his place of incarceration. Good cause appearing, defendant Dunne will be ordered to produce any documents upon which Dunne did rely, or should have relied, in effectuating a transfer of a prisoner to CMF for surgery between October 2001 and January 2002.

In request number 9, plaintiff seeks a copy of defendant Dunne's "Job Description, concerning scheduling Medical appointments and transportation." Mot., Separate

Statement at 4. In her response, defendant Dunne has indicated such a document does not exist, which she has now confirmed. Opp'n at 7:21-8:2. Defendant Dunne cannot be ordered to produce that which does not exist.

Defendant Dunne asserts the item requested in request to produce 10, a transfer summary, is available to plaintiff as part of his CDC central file. Opp'n at 8:3-10. Plaintiff does not disagree. Therefore, Dunne will not be required to respond further to request 10.

In request 12, plaintiff asks for a "Copy of Medical Teletype procedures for Transfers." Mot., Separate Statement at 5. Defendant Dunne responded that she has no awareness of this document, a position she now confirms. Opp'n at 8:20-26. Dunne will not be ordered to respond further to request 12.

Defendant Dunne asserts the item requested in request to produce 13, a copy of a physician's order, is available to plaintiff as part of his CDC medical records. Opp'n at 9:2-16. Plaintiff does not disagree. Therefore, Dunne will not be required to respond further to request 13.

With respect to request to produce number 14, plaintiff asks that defendant Dunne provide a "Copy of Mandatory Drug Line Pass (Blue) that was issue to plaintiff during 2002 or any other records of same." Mot., Separate Statement at 6. Plaintiff has not made clear how ordering production of this document might lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Dunne need not respond further to request 14.

In request 15, plaintiff seeks the "California Medical Facility-Main Surgery schedule from October 2001 to August 2002." Mot., Separate Statement at 6. Plaintiff asserts this information will help him establish when he was scheduled for surgery. Id. Defendant Dunne responds that to the extent the request seeks information on all surgeries scheduled for all inmates it intrudes into other inmates' confidential information. Because the timing of the scheduling of the surgery compared to the actual date of surgery may be relevant to plaintiff's case, Dunne will be ordered to respond to request 15 by producing those pages of the surgery

schedules bearing plaintiff's name or identification information, with information identifying other inmates redacted.

Plaintiff's motion will be denied with respect to request 16; counsel for defendants has indicated that the temporary transfer documents plaintiff seeks are in his prisoner central file and are available to him. Opp'n at 9:1-6.

2. Chapman

Plaintiff asks that the court compel defendant Chapman to provide further responses to requests to produce numbers 1 through 6, 11 and 12.

With respect to request numbers 1 and 3, to which Chapman objected as overbroad and burdensome and in some cases intruding on confidentiality, Mot., Separate Statement at 7, defendant Chapman will be ordered to produce any documents concerning how inmates were to receive medication or medical care at Folsom during the medical clinic staff meeting that occurred on March 22, 2002, so that plaintiff may determine whether, in March 2002, the manner in which medical care or medication was administered during staff meetings was different than the manner in which it was administered at other times.

Concerning request number 2, also objected to as overbroad, Mot., Separate Statement at 7, defendant Chapman will be ordered to produce any documents showing what time the March 22, 2002 meeting began and ended. Defendant Chapman may redact all information from these documents that does not concern the time the meeting began and ended.

In request 4, plaintiff asks for a copy of his "medication log" between February 2000 and December 2002. Mot., Separate Statement at 8. The court will not order a further response to this request to produce. First, defendant Chapman asserts plaintiff has access to these documents in his medical file. Opp'n at 10:15-25. Also, the information sought does not appear likely to lead to the discovery of admissible evidence as plaintiff has not demonstrated how his history of taking medication has any bearing on whether defendant Chapman denied plaintiff medical care in violation of the Eighth Amendment. See Fed. R. Civ. P. 26(b)(1).

In request 5, plaintiff asks for copies of documents concerning "check-and-balance procedures employed when reviewing post-surgery orders." Mot., Separate Statement at 9. In request 6, plaintiff asks for copies of all medical orders issued after he received surgery at CMF. Id. The information sought through requests 5 and 6 does not appear likely to lead to the discovery of admissible evidence because such documents do not appear to have any bearing on whether defendant Chapman denied plaintiff medical care in violation of the Eighth Amendment. See Am. Compl. at 7:3-10. With respect to request 6, in particular, the court notes defendants have never asserted that plaintiff did not have a valid prescription for the medication he sought when he arrived at the Folsom medical clinic on March 22, 2002. Therefore, defendant Chapman will not be ordered to respond further to these requests. See Fed. R. Civ. P. 26(b)(1).

With respect to request number 11, seeking inpatient and "nursing report medication" records, it appears some of the documents can be found in plaintiff's medical file to which plaintiff has access. Opp'n at 10:14-25. To the extent plaintiff seeks documents not contained in his medical file, plaintiff has not shown that such documents are likely to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1).

Finally, in request number 12, plaintiff seeks copies of his "medication log[s]" from March 2002 and July 2002. Mot., Separate Statement at 10. Given the limited two hour period during which plaintiff alleges he was denied medication by defendant Chapman, Am. Compl. at 7:3-10, he has not shown how any "logs," other than the log for March 22, 2002, are relevant to this case or how production of the logs might lead to the discovery of admissible evidence. In request number 12, plaintiff also seeks documents indicating when and why physicians ordered that plaintiff be administered medication during March 2002 and July 2002. Mot., Separate Statement at 10. It appears all the documents requested here can be found in plaintiff's medical file to which plaintiff has access. Opp'n at 10:14-25. The court will not order defendant Chapman to respond further to request to produce number 12.

/////

Plaintiff asks that counsel for defendants Dunne and Chapman be sanctioned for these defendants' responses to plaintiff's requests to produce. While the court is ordering defendants to produce certain documents, the court does not find that counsel's objections or defendants' initial responses were unjustified; under all of the circumstances, an award of sanctions under Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure would be unjust.

VIII. November 30, 2005 Motion For Summary Judgment

In light of the fact that the court is ordering defendants to provide plaintiff with additional discovery in response to plaintiff's timely-filed motions to compel, the court will deny defendants' November 30, 2005 motion for summary judgment without prejudice. See Garrett v. City and County of San Francisco, 818 F.2d 1515, 1519 (9th Cir. 1997) (grant of summary judgment reversed because district court failed to exercise its discretion to rule on timely-filed and meritorious motion to compel discovery before reaching merits of summary judgment motion). Counsel for defendants will be directed to serve the items identified above on plaintiff within twenty days of this order. Not earlier than sixty days and not later than ninety days from the filed date of this order, defendants may re-file their motion for summary judgment. If defendants prefer, they may simply inform the court in a written notice that they wish to renew their previously-filed motion for summary judgment.

The court notes that there currently is no trial date scheduled. The parties are informed that the court will set a trial date and a date for the filing of pretrial statements,[4] if necessary, after the district court judge assigned to this case rules on any motions for summary judgment.

/////

/////

[4] The court notes that plaintiff has already filed a pretrial statement. Plaintiff may be required to file an amended pretrial statement depending on the resolution of defendants' motion for summary judgment.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 30, 2005 "motion for defendants to provide plaintiff with a copy of deposition . . ." is denied.

2. Plaintiff's December 30, 2005 motion *in limine* is denied without prejudice.

3. Plaintiff's December 30, 2005 request that the court appoint plaintiff a guardian *ad litem* is denied.

4. Plaintiff's December 30, 2005 request for the appointment of counsel is denied.

5. Plaintiff's July 22, 2005 request for an extension of time to file replies to defendants' oppositions to plaintiff's June 20, 2005 motions to compel is granted. Plaintiff's replies filed on July 22, 2005 are deemed timely.

6. Defendant Chapman's October 17, 2005 request for leave to serve amended responses to plaintiff's request for admissions is granted. Defendant Chapman shall serve his amended responses, which are attached to his October 17, 2005 request, within twenty days of this order.

7. Plaintiff's November 14, 2005 objection to defendant Chapman's amended answer to interrogatory number 13 is overruled.

8. Plaintiff's June 20, 2005 motion to compel further responses to plaintiff's interrogatories is denied.

9. Plaintiff's June 20, 2005 motion to compel further responses to plaintiff's requests for production of documents is granted in part and denied in part as follows:

A. Within twenty days from this order, defendant Dunne shall provide plaintiff with the following:

i. Copies of any policies in effect between October 2001 and January 2002 which indicate that those being sent to the California Medical Facility based upon a workers' compensation claim need

not first obtain authorization from the "Medical Authorization review Committee."

    ii. Copies of documents related to plaintiff's workers' compensation claim 77-TL13300.

    iii. Any document upon which defendant Dunne did or should have relied in effectuating a transfer of a prisoner to the California Medical Facility for surgery between October 2001 and January 2002.

    iv. Those pages of the surgery schedules bearing plaintiff's name or identification information, with all other information identifying other inmates redacted.

B. Within twenty days from this order, defendant Chapman shall provide plaintiff with the following:

    i. Any documents concerning how inmates were to receive medication or medical care at Folsom Prison during the medical clinic staff meeting that occurred on March 22, 2002.

    ii. Any documents showing what time the March 22, 2002 medical staff meeting at issue in this action began and ended. Defendant Chapman may redact all information from these documents that does not concern the time the meeting began and ended.

C. Plaintiff's June 20, 2005 motion to compel further responses to plaintiff's requests for production of documents is denied in all other respects.

/////

/////

/////

10. Defendants' November 30, 2005 motion for summary judgment is denied without prejudice. Defendants may re-file their motion not earlier than sixty days, but not later than ninety days, from the date of this order.

DATED: September 29, 2006.

UNITED STATES MAGISTRATE JUDGE

1
will2223.57(3)