IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN LANCE WILLIAMS,

    Plaintiff,                               No. CIV S-02-2223 RRB KJM P

    vs.

DIANE K. BUTLER, et al.,

    Defendants.                   FINDINGS & RECOMMENDATIONS

/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. The November 29, 2006 motion for summary judgment filed by defendants Dunne and Chapman is now before the court.

I. Summary Judgment Standard

        Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary

1  judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers
2  to interrogatories, and admissions on file.'" Id.  Indeed, summary judgment should be entered,
3  after adequate time for discovery and upon motion, against a party who fails to make a showing
4  sufficient to establish the existence of an element essential to that party's case, and on which that
5  party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof
6  concerning an essential element of the nonmoving party's case necessarily renders all other facts
7  immaterial." Id.  In such a circumstance, summary judgment should be granted, "so long as
8  whatever is before the district court demonstrates that the standard for entry of summary
9  judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

10  If the moving party meets its initial responsibility, the burden then shifts to the
11  opposing party to establish that a genuine issue as to any material fact actually does exist.  See
12  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to
13  establish the existence of this factual dispute, the opposing party may not rely upon the
14  allegations or denials of its pleadings but is required to tender evidence of specific facts in the
15  form of affidavits, and/or admissible discovery material, in support of its contention that the
16  dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party
17  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
18  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
19  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
20  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
21  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
22  1436 (9th Cir. 1987).

23  In the endeavor to establish the existence of a factual dispute, the opposing party
24  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
25  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
26  versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary

judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On May 25, 2004, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

II. Plaintiff's Allegations

In his January 17, 2003 amended complaint, which is signed under the penalty of perjury, plaintiff alleges as follows with respect to defendants Dunne and Chapman.

During the relevant period of time, defendant Dunne worked as a registered nurse at Folsom State Prison (FSP). Am. Compl. at 2:22-26. Dunne was responsible for the transportation of prisoners to medical appointments. Id. Also during this time, defendant Chapman worked as a correctional officer at FSP. Id. at 3:1-3.

1   When plaintiff arrived at FSP in January 2000 he had Carpal Tunnel Syndrome
2  (CTS). Id. at 3:10-19.
3   On August 6, 2001, a doctor at FSP ordered that plaintiff be scheduled for a visit
4  to the orthopedic clinic at the California Medical Facility (CMF) after plaintiff complained of
5  pain associated with CTS. Id. at 4:12-15. On September 4, 2001, plaintiff again complained
6  about pain to the same doctor. Id. at 4:16-19. The same doctor ordered again that plaintiff be
7  scheduled for a visit to the orthopedic clinic at CMF. Id. Plaintiff claims that he submitted
8  letters to defendant Dunne between August 2001 and December 2001 regarding the scheduling of
9  his visit to CMF. Id. at 5:15-20. Plaintiff was finally examined at CMF on January 14, 2002 and
10 was scheduled for surgery. Id. at 6:5-7. Plaintiff received surgery on his right wrist on March
11 19, 2002. Id. at 7:1-2. Plaintiff alleges that defendant Dunne's delay in transferring plaintiff to
12 CMF for his orthopedic clinic visit delayed plaintiff's surgery and reflected deliberate
13 indifference to his serious medical needs. Id. at 5:15-20.
14   On March 22, 2002, plaintiff went to the hospital at FSP. Plaintiff informed
15 defendant Chapman, who was manning the door of the hospital, that he required pain medication.
16 Id. at 7:3-10. Plaintiff had been prescribed Vicodin three times a day following his surgery. Id.
17 at 10:12-21. Chapman denied plaintiff access to pain medication for a period of two hours
18 because a staff meeting was occurring in the hospital. Id.
19   Plaintiff received surgery on his left hand on July 2, 2002. Id. at 8:1-2.
20   Plaintiff asserts that defendants Dunne and Chapman deprived plaintiff of his
21 right to be free from cruel and unusual punishment under the Eighth Amendment by failing to
22 provide him with adequate medical care.
23 III.  Eighth Amendment Standard For Medical Care
24   The Eighth Amendment's prohibition of cruel and unusual punishment extends to
25 medical care of prison inmates. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In order to state
26 a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a

prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. In the Ninth Circuit,

> the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong- defendant's response to the need was deliberately indifferent-is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations & quotations omitted); see also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

There is no Eighth Amendment violation if any delay in treatment is not harmful. Shapely v. Nevada Bd. Of State Prison Com'rs., 766 F.2d 404, 407 (9th Cir. 1985). However, unnecessary continuation of pain may constitute the "harm" necessary to establish an Eighth Amendment violation from delay in providing medical care. McGuckin, 974 F.2d at 1062. The duty to provide medical care applies "to medical conditions that may result in pain and suffering which serve no legitimate penological purpose." Canell v. Bradshaw, 840 F.Supp. 1382, 1393 (D. Or. 1993), aff'd, 97 F.3d 1458 (9th Cir. 1996). A medical need is serious if failure to treat the condition could cause further significant injury or the unnecessary and wanton infliction of pain. McGuckin, 974 F.2d at 1059.

> The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment.

Id. at 1060.

IV. <u>Defendants' Arguments and Analysis</u>

     A.  <u>Defendant Dunne</u>

Defendants have included a declaration from defendant Dunne with their motion for summary judgment. Defendant Dunne does not contradict, in any material respect, any of the allegations set forth above. Dunne does not indicate when she first contacted CMF about scheduling an orthopedic clinic visit. It appears that Dunne agrees that plaintiff was authorized for an orthopedic clinic visit in early August 2001. Def'ts' Statement of Undisputed Facts (DSUF), Ex. B, Decl. of Nancy Dunne (Dunne Decl.) ¶ 12. Dunne does not indicate whether she ever received the letters plaintiff claims he sent.

Based on the evidence before the court, there is a genuine issue of material fact with respect to whether defendant Dunne failed to promptly request that plaintiff be examined in the orthopedic clinic at CMF, and thus delayed plaintiff's CTS surgery. A delay in surgery, specifically, can constitute deliberate indifference to serious medical needs if the delay causes significant harm and if the defendant should have known such harm would result from the delay. <u>Hallett v. Morgan</u>, 296 F.3d 732, 746 (9th Cir. 2002). There is nothing in the record suggesting plaintiff suffered any permanent injuries as a result of delayed CTS surgery. There is evidence, however, in the form of a letter plaintiff sent to Dunne on December 3, 2001, suggesting defendant Dunne was aware that plaintiff was in pain while he awaited surgery. Opp'n, Ex. B at 6. In that letter plaintiff states he was in "constant pain." <u>Id</u>.; see also Am. Compl. at 5:15-20. Similarly, the complaint avers that plaintiff was in pain for at least seven months before he had surgery in March 2002. Am. Compl. at 11:11-12.

In light of the above, the court finds that there is a genuine issue of material fact with respect to whether defendant Dunne was deliberately indifferent to plaintiff's constant pain by failing to promptly seek an appointment in the orthopedic clinic at CMF for plaintiff. Defendant Dunne's motion for summary judgment should be denied.

/////

B. <u>Defendant Chapman</u>

Defendants present evidence indicating that defendant Chapman did not observe plaintiff to be in pain while plaintiff was waiting for medication in defendant Chapman's presence on March 22, 2007. DSUF, Ex. C, Decl. of E. Chapman (Chapman Decl.) at 3:3-17. Defendants also present evidence indicating that, when plaintiff approached defendant Chapman at the entrance of the hospital on March 22, 2007, Chapman understood that no inmates were to be permitted into the hospital until after the meeting that was occurring ended, unless there was an emergency. <u>Id</u>. at 2:10-13.

In his verified declaration attached to his opposition, plaintiff indicates that he informed defendant Chapman three times while the meeting was occurring that he was in fact in "acute" pain. Opp'n at 23:8-10. Chapman does not remember whether plaintiff approached Chapman after being told he would have to wait until the end of the meeting to obtain his medication. Chapman Decl. at 2:9-10. Chapman does believe he would have remembered if plaintiff had made a "big deal" about his need for medication. <u>Id</u>.

Viewing the facts in the light most favorable to the plaintiff, the court accepts that plaintiff repeatedly informed defendant Chapman that he was experiencing acute pain in his hand, and that defendant Chapman did not provide access to plaintiff's pain medication for approximately two hours. Nothing in the record, however, suggests plaintiff exhibited any symptoms of his condition or otherwise showed that he was in distress in any way during the two hour period at issue. Nothing indicates plaintiff experienced permanent injury as a result of being deprived pain medication for these two hours.

In sum, there are no facts before the court suggesting that defendant Chapman was deliberately indifferent to plaintiff's pain. It is not disputed that Chapman was authorized to allow inmates into the medical unit during the two hours at issue only in the case of an emergency. There are no facts suggesting plaintiff's condition was life threatening, that he was experiencing any other emergency, or that plaintiff was in danger of suffering or in fact suffered

permanent injury from this limited period of pain.  Under these circumstances, defendant was not indifferent to plaintiff, he simply was not authorized to give plaintiff the help plaintiff sought.

### C.  Qualified Immunity

Defendants argue that Dunne and Chapman are immune from suit with respect to plaintiff's Eighth Amendment claims against them.  Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  To survive a motion for summary judgment based on qualified immunity, the plaintiff must show that there are facts in the record sufficient to establish that defendants' conduct violated a constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  If no constitutional violation occurred, defendants are immune from liability.  Saucier, 533 U.S. at 201.  If a constitutional violation occurred, the court must further inquire "whether the right was clearly established." Id.  "If the law did not put the [defendants] on notice that [their] conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate."  Id. at 202.

As indicated above, there are facts in the record sufficient to establish that defendant Dunne violated plaintiff's Eighth Amendment rights.  There are no facts to establish that Chapman violated plaintiff's Eighth Amendment rights.

As indicated above, plaintiff's right to not be subjected to deliberate indifference to his serious medical needs by prison officials is clearly established, and has been since well before the time of the actions and inactions alleged in the complaint.  Estelle, 429 U.S. at 104-05; McGuckin, 974 F.2d at 1060.  The facts in the record before the court could show that defendant Dunne was deliberately indifferent to plaintiff's constant pain by delaying plaintiff's CTS surgery by up to six weeks.  Dunne should not be granted immunity.

/////

V. Conclusion

In light of the foregoing, the court will recommend that defendants' motion for summary judgment be granted with respect to plaintiff's remaining claim against defendant Chapman, but denied as to plaintiff's remaining claim against defendant Dunne.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. The November 29, 2006 motion for summary judgement filed by defendants Dunne and Chapman be granted with respect to plaintiff's remaining claim against defendant Chapman, but denied as to plaintiff's remaining claim against defendant Dunne;

2. Defendant Chapman be dismissed from this action;

3. Plaintiff be ordered to file an amended pretrial statement within thirty days of any order adopting the foregoing findings and recommendations; and

4. Defendant Dunne be ordered to file her pretrial statement within fourteen days of service of plaintiff's pretrial statement.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 15, 2007.

_____
U.S. MAGISTRATE JUDGE

1
will2223.57